IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNAMALAI ANNAMALAI,#56820-379, )<br>*also known as* )<br>SWAMIJI SRI SELVAM SIDDHAR, )<br> )<br> **Plaintiff,** )<br> )<br>vs. )<br> )<br>DANIEL SPROUL, )<br>NATHAN SIMPKINS, )<br>GARY BURGESS, )<br>THOMAS FLEMING, )<br>ASSISTANT WARDEN LeCLAIR, )<br>RANDALL PASS, )<br>LESLIE BROOKS, )<br>ANDREU MOULTON, )<br>ANNABELL FIELDS, )<br>DELOCH, )<br>USA, and )<br>JOHN DOES 1-10, )<br> )<br> **Defendants.** ) | Case No. 22-cv-01541-JPG |

## **MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order (TRO), Preliminary Injunction, or Declaratory Relief. (Doc. 2). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is confined in the Communications Management Unit / Counter Terrorism Unit (CMU/CTU) at the United States Penitentiary in Marion, Illinois (USP-Marion). Plaintiff describes himself as a Hindhu high priest with "17 million faithful followers" and the "first human" to serve a 28-year sentence in the BOP for a bank fraud conviction involving $11,854.00. While in BOP custody, Plaintiff has allegedly endured religious persecution, torture, assault, and retaliation at numerous facilities dating back to 2015. He brings the underlying action

1

pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for these alleged constitutional deprivations.

Plaintiff's motion focuses on incidents that occurred at USP-Marion, following his re-sentencing in September 2021. The sentencing judge allegedly recommended against Plaintiff's placement in the CMU/CTU, as he had no disciplinary history that would warrant such placement and was assigned a low security level. Plaintiff was nevertheless housed in the CMU/CTU when he transferred to USP-Marion on October 1, 2021.

The same month, Plaintiff was repeatedly tortured and assaulted by other inmates, as officers observed. He was then issued a disciplinary ticket for fighting and placed in segregation for fifty days. Plaintiff contracted COVID and now suffers from lingering fatigue. He also suffers from symptoms of post-traumatic stress disorder, anxiety, and depression. He claims that the defendants retaliated against him, for unspecified reasons, by restricting his access to email communications and First Step Act Programs.

In his pending motion, Plaintiff seeks a TRO or preliminary injunction requiring USP-Marion Warden Sproul to immediately:

(a) transfer Plaintiff from the CMU/CTU (I Unit) at USP-Marion to any other facility with a low security level;

(b) transfer Plaintiff to USP-Marion's general population while he awaits transfer to another facility;

(c) provide Plaintiff with access to all Federal Bureau of Prisons (FBOP) First Step Act Programs;

(d) provide Plaintiff with medical and mental health care with any provider other than Leslie Brooks, Randall Pass, and Annabell Fields;

(e) grant Plaintiff access to emails that were maliciously restricted by Simpkins, Sproul, and John Doe 1-10; and

(f) enjoin all further acts of retaliation by the defendants.

(Doc. 2).

To obtain a TRO or a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim.  *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)).  If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying relief with the harm to Defendants caused by granting relief.  *Mays v. Dart*, 974 F.3d at 818.  The court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor.  *Id*. (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

Plaintiff has not established that he will suffer irreparable harm without immediate injunctive relief.  The Court takes Plaintiff's allegations of past assault and torture very seriously.  However, these incidents occurred in October 2021, and he describes his transfer to segregation and elsewhere after that time.  Although he does not reveal where he is currently housed, the Court notes that he does not complain of present threats of harm, express concerns about inmates housed near him, or seek any sort of protective custody.  On the contrary, Plaintiff explicitly states that he does not want protective custody.  Plaintiff's remaining requests for relief include access to email and First Step Act programs and do not appear to pose any danger of irreparable harm, if denied at this time.

In addition, Plaintiff has not demonstrated that traditional remedies are inadequate.  He does not adequately describe his efforts to resolve any of these matter informally before turning to the Court.  Plaintiff may obtain more immediate and more effective relief, simply by using the BOP's administrative remedies process to seek relief.

3

In light of the above, Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief (Doc. 2) is **DENIED without prejudice**. Plaintiff's request for injunctive relief *at the close of the case* is contained in the Complaint and will be addressed, in time, as the case proceeds.

**IT IS SO ORDERED.**

**DATED: 7/19/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**