IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANNAMALAI ANNAMALAI,#56820-379,** *also known as* **SWAMIJI SRI SELVAM SIDDHAR,** | ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. 22-cv-01541-JPG |
| **USA and CURRENT WARDEN OF USP-MARION,** | ) ) ) ) |
| **Defendants.** | ) ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter comes before the Court for a decision on Defendant USA's Motion for Partial Summary Judgment on Count 7b (Doc. 79), a medical malpractice claim arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. Defendant seeks summary judgment on this claim because Plaintiff did not file the affidavit and health professional's written report (certificate of merit) required under Illinois law, *i.e.*, 735 ILCS § 5/2-622(a)(1). For the reasons set forth below, the motion shall be **DENIED** without prejudice.

The Court will grant Plaintiff a reasonable extension of time to submit these documents. Accordingly, Plaintiff is **ORDERED** to file the required affidavit and written report in compliance with 735 ILCS § 5/2-622(a)(1) on or before **MAY 6, 2024**. Defendant may file a new motion for summary judgment, if necessary, after this deadline expires.

**BACKGROUND**

Defendant USA seeks dismissal of the following FTCA claim that arose during Plaintiff Annamalai's incarceration at the United States Penitentiary in Marion, Illinois (USP-Marion):

1

>    **Count 7b:**     FTCA claim against the United States for Moulton, Pass, and Does 1-10's deliberate disregard of Plaintiff's medical and mental health needs after his assault by William White at USP-Marion in October 2021.

(Doc. 25, pp. 15-16). Plaintiff alleges that USP-Marion officials denied him necessary medical care and mental health treatment following a violent inmate attack that resulted in serious injuries in October 2021. (Doc. 1).

Count 7b survived screening under 28 U.S.C. § 1915A. But, the Court warned Plaintiff that he must comply with Illinois law by filing an affidavit and certificate of merit in compliance with 735 ILCS § 5/2-622(a)(1) to survive summary judgment. (Doc. 25). In lieu of an answer, Defendant moved for summary judgment under Federal Rule of Civil Procedure 56. (Doc. 79).

## DISCUSSION

The Federal Tort Claims Act (FTCA) allows civil actions for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his or her office or employment. *See* 28 U.S.C. § 1346(b)(1). To pursue an FTCA claim based on the medical malpractice of federal employees, Plaintiff must satisfy the elements of a medical malpractice claim under the tort law of the state where the tortious conduct occurred. *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). In this case, the alleged misconduct occurred at a federal facility located in Illinois, so this claim is governed by Illinois substantive law.

The Illinois Healing Art Malpractice Act, 735 ILCS § 5/2-622, provides that claims for medical negligence or malpractice must be supported by certain documentation.[1] Section 5/2-622(a)(1) requires a plaintiff or his attorney to file the following documents with a complaint

---

[1] Section 5/2-622 provides a substantive condition of liability for malpractice suits filed in federal court against private individuals, *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014), and the United States, alike, *Young v. United States*, 942 F.3d 349 (7th Cir. 2019).

alleging medical negligence: (1) an affidavit; and (2) a health professional's written report. *See* 735 ILCS § 5/2-622(a)(1). Among other things, the affiant must confirm that he has consulted with a health professional who is knowledgeable of the issues, practices in the relevant area of medicine, and is qualified to offer an opinion that there is a "reasonable and meritorious cause" for litigation. *Id*. Plaintiff must also provide a report from a health professional who has reviewed the relevant medical records and can attest that the medical negligence claim against each defendant has merit. *Id*. The written report of the reviewing health professional[2] must clearly identify the plaintiff and state each of the reasons that a reasonable and meritorious cause for the filing of the action exists. *Id.* It must be specific, stating the standard of care, describing the deficiencies in care, and setting forth the reviewing health professional's reasons for finding the care deficient. *Ortiz v. United States*, 2014 WL 642426, at *3 (N.D. Ill. Feb. 19, 2014). The report cannot rely on general conclusions of malpractice. *Id*.

Certain exceptions to § 5/2-622(a)(1) exist. In lieu of the affidavit and report, a plaintiff can submit an affidavit stating that consultation with an outside health professional was not possible before the applicable statute of limitations expired on the medical malpractice claim(s). 735 ILCS § 5/2-622(a)(2). Alternatively, the plaintiff can attest that he made a formal request for examination and copying of medical records to a party who is required to comply with such requests, and he did not receive the records within sixty (60) days of the request. 735 ILCS § 5/2-622(a)(3).

Although state substantive law requires the production of this information, federal procedural law dictates when and how the information is produced. *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Pursuant to federal procedural rules, a complaint filed in federal court

---

[2] This is sometimes referred to as a "certificate of merit."

cannot be dismissed simply because the § 5/2-622 affidavit and report are missing. *Id*. at 351. Rule 8 does not require attachments to a Complaint. *Id*. (citing FED. R. CIV. P. 8). Under Rule 8, supporting documents "come later." *Id*. The Court explained this in the Screening Order, when it pointed out that Plaintiff's failure to comply with 735 ILCS § 5/2-622(a)(1) was not dispositive of this claim at screening but added that Plaintiff "must comply with Section 5/2-622 by filing the appropriate affidavit or certificate of merit along with a physician's report in order to survive summary judgment." (Doc. 25, p. 8) (citing *Young*, 942 F.3d at 351).

Plaintiff has not filed the affidavit or the certificate of merit in the fourteen months since entry of the Screening Order in November 2022. (Doc. 25). In lieu of an Answer, Defendant moved for partial summary judgment on Count 7b four months later in March 2023. *See* FED. R. CIV. P. 56(b) (authorizing Rule 56(b) motion at "any time"). And, Plaintiff opposed the motion under § 5/2-622(a)(3), based on the unavailability of medical records needed for review and evaluation by a medical professional. (Doc. 113). Plaintiff explained that he requested copies of his medical and/or mental health records from Defendant and received no records in the sixty days after the request was made. *Id*. Defendant admittedly denied Plaintiff's request because discovery on the merits had not yet commenced and pointed out that Plaintiff still had other ways of obtaining this information. (Doc. 117). In the ten months since Defendant filed for partial summary judgment, Plaintiff has not produced the affidavit or written report required by § 5/2-622 or offered any additional reasons he has not done so.

A Court may grant reasonable extensions of time to produce this information under state and federal law. As stated above, § 5/2-622 authorizes extensions of time for filing the report and affidavit when necessary records are unavailable for a health professional's evaluation (*see* 735 ILCS § 5/2-622(a)(3)) or when a complaint is filed just before an impending statute of limitations

4

(*see* 735 ILCS § 5/2-622(a)(2)).  *Young*, 942 F.3d at 351.  In addition, Rule 56(d) allows a district court to grant a nonmovant additional time to gather essential evidence.  In this way, the "state substantive goal and the federal procedural system . . . exist harmoniously." *Id*.

Here, the Court notes that Defendant still needs to file an Answer to Count 7b.[3]  Once this occurs, the Court will enter an Initial Scheduling Order that sets deadlines for the exchange of information, including medical and mental health records.  Plaintiff has requested more time to gather this information, prepare an affidavit, and obtain a health professional's written report.  The Court will grant a reasonable extension of this deadline.

Defendant shall file an Answer to Count 7b within **14 days**.  Plaintiff shall file the affidavit and health professional's written report required under 735 ILCS § 5/2-622(a)(1) **90 days later**.  Defendant may renew its request for summary judgment by filing a new motion, if necessary, after this deadline expires.

## DISPOSITION

Defendant USA's Motion for Partial Summary Judgment as to Count 7b (Doc. 79) is **DENIED** without prejudice.  Defendant is **ORDERED** to file an Answer to Count 7b on or before **FEBRUARY 6, 2024**.  Plaintiff is **ORDERED** to file an Affidavit and Written Report (Certificate of Merit) that complies with 735 ILCS § 5/2-622(a)(1) on or before **MAY 6, 2024**.  Defendant may renew its request for dismissal of this claim by filing a new motion for summary judgment, if

---

[3] Although § 5/2-622(a)(3) contains language excusing a defendant from answering or otherwise pleading until thirty (30) days after being served with the affidavit and report required in § 5/2-622(a)(1), Rule 12(a)(2) provides that the answer for a complaint filed against the United States is due sixty (60) days after service on a United States Attorney, unless a motion is filed under the rule; in that case, a responsive pleading is due fourteen (14) days after the Court serves notice of its decision denying the motion or a different time set by the Court.  *See* FED. R. CIV. P. 12(a)(4)(A).

necessary, after this deadline expires.  **Plaintiff is WARNED that failure to timely file the Affidavit and Written Report as to each defendant shall result in dismissal of Count 7b.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/22/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**