IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANNAMALAI ANNAMALAI,#56820-379,** *also known as* **SWAMIJI SRI SELVAM SIDDHAR,** | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 22-cv-01541-JPG |
| **USA and** **CURRENT WARDEN OF USP-MARION** | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Annamalai filed suit against the United States and several government employees for claims arising from his assault by another inmate at the United States Penitentiary in Marion, Illinois (USP-Marion), on October 13, 2021. (Doc. 1). This case now focuses on four claims against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680:

> **Count 3:** FTCA claim against the United States for failing to protect Plaintiff from the serious risk of harm White posed to his health or safety in USP-Marion's CMU/CTU in October 2021. (Doc. 1, pp. 10-11).
>
> **Count 7b:** FTCA claim against the United States based on Moulton, Pass, and Does 1-10's deliberate disregard of Plaintiff's medical and mental health needs following his assault by White in October 2021 (Doc. 1, pp. 15-16).
>
> **Count 9:** FTCA claim against United States for FBOP officials' intentional infliction of emotional distress on Plaintiff. (Doc. 1, pp. 16-21).
>
> **Count 10:** FTCA claim against United States for FBOP officials' negligent infliction of emotional distress on Plaintiff. (Doc. 1, p. 21).

Defendant seeks dismissal of Counts 9 and 10 (Doc. 81), and the motion shall be **DENIED**.

1

## BACKGROUND

According to the Complaint, Plaintiff was attacked and injured by a known white supremacist, Inmate William White, in USP-Marion's Communications Management Unit/Counter Terrorism Unit (CMU/CTU) on October 13, 2021. Just before the the attack, a judge indicated that Plaintiff should not be housed in the CMU/CTU for safety reasons. He was transferred into USP-Marion's CMU/CTU (I Unit) anyway.

When Plaintiff learned of the transfer decision in September 2021, he expressed concern for his safety, as a nonviolent offender and a Hindu Priest living among known white supremacists (Inmate White) and others (Inmate Muhammad) who threatened his safety. Plaintiff also became depressed and anxious. He decided to take his own life rather than face assault or murder in the CMU/CTU (I Unit). He was placed on suicide watch until October 7, 2021.

When he transferred into I Unit on October 7, 2021, Plaintiff immediately told Nathan Simpkins that he feared Inmates White and Muhammad would attempt to assault or murder him. Officer Simpkins ignored him, even after Plaintiff reported the two inmates' specific threats to stab him and after Inmate White assaulted and insulted him in the officer's presence. (*Id*. at 6). Plaintiff described this in a letter to Chief Psychologist Fields on October 10, 2021. (*Id*.). He also reported these events to Intelligence Research Specialist Hill on October 13, 2021. (*Id*.).

Plaintiff was attacked later the same day. Inmate White inflicted injuries to his head, face, mouth, ears, and nose. (*Id*. at ¶¶ 16-19). Plaintiff lost consciousness, suffered a broken finger, and sustained broken teeth. (*Id*. at ¶¶ 18, 42). He was disciplined with fifty days in solitary confinement and placed in a cell adjacent to Inmate White. (*Id*. at ¶ 33). Plaintiff received daily

death threats from White and begged for relief from the harassment and treatment for PTSD, nightmares, sleeplessness, anxiety, depression, and weight loss.[1] (*Id*. at ¶¶ 39, 45-46, Ex. 21-22).

## MOTION TO DISMISS

Defendant now seeks dismissal of Counts 9 and 10 on the grounds that Plaintiff has made no showing of a physical injury necessary to support a claim for intentional or negligent infliction of emotional distress under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), or Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(2). According to Defendant, the PLRA limits recovery for mental or emotional injuries in federal civil actions filed by a prisoner to those with a prior showing of physical injury, and the FTCA prohibits recovery of compensatory damages for mental or emotional injuries without a prior showing of physical injury. *Id*. Defendant characterizes the alleged misconduct of prison officials as a "housing decision" that resulted in no physical injury to Plaintiff between October 5-13, 2021. (Doc. 81). Because no measurable physical injuries occurred before October 13, 2021, Defendant seeks dismissal of Counts 9 and 10 for lack of physical injury.

## DISCUSSION

The motion shall be denied on four grounds: (1) Counts 9 and 10 already survived screening under 28 U.S.C. § 1915A, a legal standard that is virtually the same as Rule 12(b)(6); (2) the events giving rise to the claims are not limited to October 5-13, 2021; (3) Counts 9 and 10 are supported by numerous and ongoing physical and psychological injuries; and (4) at this stage, Plaintiff can pursue different legal theories against the United States even if they involve the same, similar, or overlapping facts.

---

[1] He made these requests in writing to Sproul, Davis, Fields, Wallace, Holem and Simpkins, among others.

First, Counts 9 and 10 already survived screening under 28 U.S.C. § 1915A. Section 1915A and Rule 12(b)(6) apply virtually the same standard. Section 1915A requires the Court to screen prisoner complaints and dismiss any portion that fails to state a claim for relief, is legally frivolous or malicious, or asks for money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Rule 12(b)(6) provides for dismissal of a complaint, or any portion of it, for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive review under both standards, a complaint must include sufficient facts to state a claim for relief that is plausible on its face and must also state sufficient facts to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When analyzing both claims at screening, the Court applied the substantive law of Illinois because the claims arose there. *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). A plaintiff claiming intentional infliction of emotional distress under Illinois law must demonstrate: (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017). A claim for negligent infliction of emotional distress requires a showing that: (1) Defendant owed Plaintiff a duty of care; (2) Defendant breached that duty; and (3) Plaintiff's injury was proximately caused by that breach. *Roehl v. Merrilees*, 2012 WL 1192093 (N.D. Ill. 2012) (citing *Howell v. Jofe*, 483 F. Supp. 2d 659, 667 (N.D. Ill. 2007) (citing *Parks v. Kownacki*, 193 Ill.2d 164, 737 N.E. 287, 297 (Ill. 2000)). The Court reviewed the allegations in the complaint and found that they stated plausible FTCA claims against Defendant for the intentional and/or negligent infliction of emotional

4

distress.  However, the Court did not limit the scope or duration of these claims to events occurring between October 5-13, 2021.  Plaintiff's complaint spanned 140-plus pages and incorporated, by reference, the factual allegations from other paragraphs into the allegations set forth in support of Counts 9 and 10.

Second, Counts 9 and 10 arose from events that occurred before and after the assault on October 13, 2021.  Defendant attempts to limit this claim to October 5-13, 2021.  However, the allegations not only include this time period but also extend beyond it for fifty days after the most significant physical attack occurred on October 13, 2021.  Plaintiff alleges that he was placed in solitary confinement immediately after his attack by Inmate White—in a cell that was adjacent to Inmate White's cell.  He allegedly remained there for fifty days, while receiving and reporting daily death threats from his attacker.

Third, physical and emotional injuries allegedly occurred before, during, and after the attack on October 13, 2021.  Prior to the attack, Plaintiff became suicidal when FBOP officials disregarded his concerns about an inmate attack.  He was placed on suicide watch.  Plaintiff specifically refers to symptoms of anxiety, depression, sleeplessness, nightmares, weight loss, blood sugar imbalance, and more.  He also refers to an incident when Inmate White assaulted him in front of Officer Simpkins around October 10, 2021.  He then suffered significant physical injuries in the attack on October 13, 2021.  Afterwards, Plaintiff suffered additional physical and emotional injuries, including increased symptoms of PTSD, anxiety, depression, and weight loss, among other things.  Sorting out which of these injuries occurred before, during, and after the inmate attack and also support FTCA claims in Counts 9 and 10 is a matter the parties can address through discovery and dispositive motions filed at a later stage in litigation.

Fourth, Plaintiff can rely on the same, similar, or overlapping facts to support multiple claims at screening.  He filed the complaint before he was represented by counsel, and *pro se* complaints are construed very liberally.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).  The Federal Rules of Civil Procedure do not require a plaintiff to allege legal theories or even facts corresponding to each claim, and this is particularly true for plaintiffs proceeding without an attorney.  *Sargeant v. Barfield*, 87 F.th 358, 361 (7th Cir. 2023) (citations omitted).  A plaintiff's failure to identify any legal theory at all is not an obstacle to claims brought by a *pro se* litigant.  *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009).  What matters is whether the facts plausibly suggest that the plaintiff has articulated a claim under any particular theory.  A plaintiff who wishes to pursue different legal theories of liability against the same party "must present all in a single case."  *Sterling v. United States*, 85 F.3d 1225, 1229 (7th Cir. 1996).  Plaintiff has supported both of the emotional distress claims with allegations and evidence of physical injuries that are sufficient to survive preliminary review under § 1915A and dismissal under Rule 12(b)(6).

This case is only in its infancy, however, so the four FTCA claims in Counts 3, 7b, 9, and 10 shall proceed against the United States for now.  If Defendant deems it necessary to reassert these arguments at a later stage in litigation, the United States is free to do so by filing a dispositive motion according to the instructions and deadlines in the Scheduling and Discovery Order that the Court will enter once all answers are filed.

### DISPOSITION

Defendant USA's Motion to Dismiss for Failure to State a Claim in Counts 9 and 10 (Doc. 81) is **DENIED**.  Defendant is **ORDERED** to file an Answer to Counts 9 and 10 on or before **FEBRUARY 6, 2024**.

**IT IS SO ORDERED.**

**DATED: 1/23/2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
