UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNAMALAI ANNAMALAI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 22-cv-01541-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Annamalai Annamalai's objection (Doc. 194) to the amended bill of costs filed by Defendant United States of America in the amount of $4,091.70 for deposition and trial transcripts and copy fees (Doc. 211).[1] Annamalai does not object to the claimed costs as unjustified but instead asks the Court to exercise its discretion to deny the bill of costs because of his documented indigence and the profound economic disparity between an incarcerated individual and the United States. He also contends that his claims were legitimate and worthy of being litigated.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Court presumes that a prevailing party is entitled to costs as a matter of course but has the discretion to deny or reduce costs where warranted. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000)*; Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). This presumption in favor of awarding costs is difficult for the non-prevailing party to overcome. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

[1] The objection was filed in response to the United States' initial bill of costs. However, because the objection is based on indigence, a consideration that applies with even greater force to the amended bill of costs, the Court will address the objection.

A reduction or denial of costs may be appropriate where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634–35 (7th Cir. 2006). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Id.* at 635. It should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting provision for indigent parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636.

Annamalai is indigent, but he has not met his burden to show that he fits within the indigency exception to the cost-shifting provision. Although Annamalai raised a few claims that had merit, he did not proceed in this litigation in good faith. He commenced this action with a 143-page complaint containing allegations spanning seven years and four federal prisons and asserting seventeen claims against eleven named defendants and ten Doe defendants (Doc. 1). Along with his complaint, he filed a 51-page Motion for an Emergency Temporary Restraining Order (Doc. 2). He later filed a Motion for Temporary Restraining Order (Doc. 31) and Emergency Motion for Reconsideration (Doc. 33), seeking relief on issues and claims that were not part of this litigation. After the Court denied those motions, he filed an Emergency Motion for Status Hearing (Doc. 35).

The Court then warned Annamalai to refrain from filing duplicative and/or redundant documents. That warning did not deter him. On February 15, 2023, he filed a Motion for Entry of Default (Doc. 69), Motion to Amend Any Reliefs Granted on the Unlawful Motion Filed by Counsel with No Legal Standing (Doc. 70), and Motion for Judgment on the Pleadings (Docs. 71),

all of which sought the same relief. After the Clerk of Court declined to enter default, Annamalai filed a Motion to Vacate Clerk's Denial of Default (Doc. 73), Motion for Entry of Default (Doc. 86), Motions for Judgment on the Pleadings (Docs. 74, 87), and Motions for Partial Summary Judgment (Docs. 83, 85). The Court then appointed counsel for Annamalai and warned him not to file any documents on his own behalf in this matter. Despite that warning, Annamalai filed eight additional documents on his own behalf (Docs. 90, 92, 93, 94, 96, 100, 101, 103).

Given Annamalai's vexatious litigation conduct throughout this case, which needlessly required the Court to expend substantial judicial resources, the Court cannot conclude that he pursued this action in good faith. The Court therefore finds that no denial or reduction of costs is warranted. For these reasons, the Court **OVERRULES** Annamalai's objection to costs (Doc. 194) and **DIRECTS** the Clerk of Court to tax costs in favor of the United States and against Annamalai in the amount requested by the United States, $4,091.70.

**IT IS SO ORDERED.**
**DATED: November 17, 2026**

**J. PHIL GILBERT**
**United States District Judge**